IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

**John and Allison Peebles** )
)
    Claimants, )
)
v. ) CV:<u>1:19-cv-01089</u>
)
**The Terminix International** )
**Co., LP.** )
)
    Respondents. )

### CLAIMANTS' PETITION TO CONFIRM ARBITRATION AWARD

John and Allison Peebles ("Claimants") petition this court, pursuant to 9 U.S.C. § 9, for an Order confirming the arbitration award issued on December 11, 2019, by arbitrator Curtis Hussey, selected as the arbitrator through the American Arbitration Association ("AAA") in *John and Allison Peebles v. The Terminix International Co., LP, et al.*, Re: 01-17-0000-0394. The arbitration award, in which the Claimants were awarded $2,164,038 on their claims against The Terminix International Co., LP ("Terminix"),[1] is attached hereto as Exhibit "1."

In support of this petition, Claimants state as follows:

---

[1] No award was entered against Ken Stroh; all claims against Stroh were denied.

1. On or about December 30, 2016, Claimants filed a demand for arbitration through the American Arbitration Association, which is attached hereto as Exhibit "2," a copy of the subject arbitration agreement is attached thereto. On or about March 9, 2017, Terminix filed a Response in Answer to Claimants' Demand, which is attached hereto as Exhibit "3." A hearing was held before the arbitrator on May 29-31, 2019 and August 12-16, 2019; after the hearings on this matter, the arbitrator entered an arbitration award in favor of Claimants and against Terminix in the amount of $2,164,038.

2. This Court has jurisdiction over the present matter pursuant to 28 USC § 1332 and 9 USC § 9. First, the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between the parties in that Claimants are residents and citizens of Mobile, Alabama, and Terminix is a Tennessee corporation with its principal place of business in Memphis, Tennessee. Furthermore, 9 USC § 9 states (emphasis added) that: "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified

for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. **If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.**

3.   The arbitration agreement states that: "[j]udgment upon the award may entered and enforced in any court having jurisdiction. This clause is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act." *Exhibit 2, attachment thereto*.

4.   The arbitration hearing was conducted in Mobile, Alabama and, thus, the award was made there.

5.   The Federal Arbitration Act ("FAA") provides that, upon receiving an application to confirm an arbitral award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the FAA]." *See* 9 USC § 9. Confirmation of an arbitration award should be "a summary proceeding that merely makes what is already a final arbitration award a judgment of

the court." See *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984).

6. Based on the foregoing, John and Allison Peebles respectfully request that this Honorable Court enter an Order confirming the attached arbitration award, making it a final judgment of this Court.

/s/ Thomas Campbell
Thomas Campbell (CAM036),
Attorney for Claimants, John and Allison Peebles.

**OF COUNSEL:**
**CAMPBELL LAW PC**
5336 Stadium Trace Pkwy
Suite 206
Birmingham, AL 35244
P- (205) 278-6650
F- (205) 278-6654
Email: tcampbell@campbelllitigation.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___11th___ day of December 2019, I served a true and correct copy of the foregoing to the following parties of record via Electronic Mail:

M. Christian King
Charles Greene
Christine Gwinn-Ross
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203

T(205)581-0700  
F(205)581-0799  
E:   cgreen@lightfootlaw.com;  
     cgwinn@lightfootlaw.com;  
     cking@lightfootlaw.com  

/s/ *Thomas Campbell*  
OF COUNSEL